# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESSIE IRENE WALTZ, | CASE NO. 1:07-cv-01691-SMS |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | (Doc. 20) |

Defendant United States of America moves for dismissal pursuant to F.R.Civ.P. 12(b)(1) and (6), contending that this case is barred by the applicable statute of limitation, 28 U.S.C. § 2401(b). Plaintiff Bessie Irene Waltz responds that, because the limitations period was equitably tolled, her complaint was timely and dismissal is inappropriate.

The parties argued the Government's motion at 10:00 a.m. on March 4, 2010, in Courtroom 4 before the Honorable Sandra M. Snyder, U.S. Magistrate Judge.[1]  Attorney James Joseph Banks, Banks & Watson, appeared for Plaintiff; Assistant United States Attorney Ernest Robert Wright appeared for Defendant. Prior to the hearing, the Court reviewed all papers in

///

---

[1] This case was referred to the magistrate judge for all proceedings, including entry of final judgment. 28 U.S.C. § 636(c); F.R.Civ.P. 73(b); and Local Rule 73-301.

support and opposition of the motion.  Following argument, the Court took the matter under advisement and now grants the Government's motion for dismissal.

I. **Factual and Procedural Background**

Plaintiff received multiple serious injuries on May 20, 2006, when the motorcycle she was driving collided with a 1993 Ford ten-wheel dump truck loaded with dirt that had crossed the center line of Road 274 near the town of Bass Lake, California. (*Waltz v. United States of America*, 1:06-cv-01831-SMS (E.D.Cal.)("*Waltz I*"), Doc.11).[2]  The dump truck was owned by the United States Forest Service and operated by its employee.  *Id.*

On June 21, 2006, in compliance with the Federal Tort Claims Act, 28 U.S.C. 2671-2680 ("FTCA"), Plaintiff filed a claim for property damage and personal injury with the U.S. Department of Agriculture Forest Service.  The government did not respond.  Accordingly, Plaintiff filed suit against the United States; the U.S. Department of Forestry [sic]; Richard Ernest Bailey, the truck's driver; and twenty-five John Doe Defendants on December 18, 2006 (*Waltz I*, Doc.1).

On February 13, 2007, the Department of Agriculture denied Plaintiff's administrative claim (*Waltz v. United States*, 1:07-cv-01691-SMS ("*Waltz II*"), Doc. 20-3).  The denial letter provided, in pertinent part:

> This is the final denial of the claim of Ms. Waltz.  The Department of Agriculture's regulations require us to inform you that if your client is dissatisfied with this final action on her claim, she may file suit against the United States of America in an appropriate United States District Court not later than six (6) months from the date of mailing this letter, which is the date shown above.

///
///

---

[2]  The Court takes judicial notice of the Court's records in *Waltz I*.  Fed.R.Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126 (1981).

> I note that suit is pending against the United States in the United States District Court, Eastern District of California, regarding the allegations set forth in the claim. However, should the action presently in litigation be dismissed on any grounds, you are reminded of the requirement that suit be filed in an appropriate United States District Court not later than six (6) months after the date of the mailing of this letter, which is the date shown above.

*Waltz II*, Doc. 20-3.

On February 26, 2007, Defendant answered the complaint, asserting as an affirmative defense that "Plaintiff has failed to exhaust her administrative remedies" (*Waltz I*, Doc. 15).

On October 25, 2007, Defendant moved to dismiss the complaint, contending that the Court lacked subject matter jurisdiction under the FTCA because Plaintiff filed her complaint less than six months after filing her administrative claim, as required by 28 U.S.C. § 2675(a) (*Waltz I*, Doc. 17). That section of the FTCA provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. ***The failure of the agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.***

28 U.S.C. § 2675 (a) (emphasis added).

As noted above, Plaintiff had filed her complaint on December 18, 2006, less than six months after June 21, 2006, when she filed her administrative claim. Thus, *Waltz I* was filed prematurely.

Plaintiff moved to amend her complaint and opposed the motion to dismiss, contending that since Defendant had previously indicated that it would not assert any defense of issue regarding the timing of the complaint's filing, Defendant should be equitably estopped from

asserting the time limitation (*Waltz I*, Docs. 23, 24 & 31).  According to Plaintiff, former U.S. Attorney Kristi Kapetan had represented to Plaintiff's attorney that, although the complaint had been filed a few days early, the government would not raise any issues relating to the technically premature filing (*Waltz I*, Docs. 24 & 31).   Kapetan denied having made the alleged representations (*Waltz I*, Doc. 42).

Plaintiff filed a second complaint on November 20, 2007 (*Waltz II*, Doc. 1).

After this Court heard argument on the opposing motions in *Waltz I* on January 11, 2008, it concluded that it lacked subject matter jurisdiction and dismissed Plaintiff's complaint (*Waltz I*, Doc. 56).

On February 19, 2008, Defendant moved to dismiss the complaint in *Waltz II,* again contending that the complaint was untimely, in this case because Plaintiff had filed the complaint more than six months after the final denial of her administrative claim on February 13, 2007 (*Waltz II*, Doc. 20).  Defendant also contended that Plaintiff was collaterally estopped from filing a second lawsuit and that Plaintiff could not establish the elements required to equitably toll the statute of limitations to permit the late filing of her complaint (*Waltz II*, Doc. 20).  On March 13, 2008, Plaintiff moved to compel depositions of Kristi Kapetan and Cindy Boukidis and production of documents (*Waltz II*, Doc. 24).

On April 4, 2008, this Court heard argument on Plaintiff's motion to compel and stayed Defendant's motion to dismiss (*Waltz II*, Doc. 36).  The Court granted Plaintiff's motion to compel on May 16, 2008, and directed the parties to meet and confer regarding outstanding discovery and scheduling of a discovery status conference and of Defendant's motion to dismiss (*Waltz II*, Doc. 43).  Thereafter, the parties engaged in a period of discovery and discovery disputes.

On December 10, 2008, the then-pending motion to compel initiated by Plaintiff on September 19, 2008 (*Waltz II*, Doc. 51) was taken off-calendar to permit a status conference to discuss legal and procedural issues in light of *Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008). By the time of the status conference on January 22, 2009, a petition for rehearing of *Marley* was pending before the Ninth Circuit (*Waltz II*, Doc. 60). The Court stayed Plaintiff's motion to compel (*Waltz II*, Doc. 51) and Defendant's motion to dismiss (*Waltz II*, Doc. 20), pending the outcome in *Marley* (*Waltz II*, Doc. 60).

Following the Ninth Circuit's June 1, 2009 amendment of its decision in *Marley v. United States*, 567 F.3d 1030 (9th Cir. 2009), the parties agreed that Defendant's motion to dismiss was ripe for a ruling (*Waltz II*, Doc. 64) and stipulated to a briefing and hearing schedule (Waltz II, Doc. 66). On October 20, 2009, the motion was again stayed, pending resolution of the pending petition for certiorari in *Marley* (*Waltz II*, Doc. 75). On December 8, 2009, Defendant filed notice that the Supreme Court had denied *Marley* certiorari (*Waltz II*, Doc. 76). *Marley v. United States*, 567 F.3d 1030 (9th Cir.), *cert. denied*, 130 S.Ct. 796 (2009).

**II.    Discussion**

In *Marley*, the Ninth Circuit held "that the statute of limitations in § 2401(b) of the [FTCA] is jurisdictional, and consequently, that equitable doctrines that otherwise could excuse a claimant's untimely filing do not apply." 567 F.3d at 1032. Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of the final denial of the claim by the agency to which it was presented.

Marley, who sued the Department of Veteran's Affairs for personal injury arising from treatment in a Veteran's Administration Hospital, filed his action within six months of the

Department's denial of his administrative claim. *Id.* at 1032, 1034. Thereafter, his attorneys withdrew from representation (possibly because they were unable to identify an expert witness), and Marley proceeded pro se. *Id.* at 1033. Two weeks thereafter, the Assistant United States Attorney ("AUSA") sent Marley a letter, which stated, in pertinent part:

> I was told by the staff in our Tacoma office that you might be interested in dismissing your case. In case that's still true, I've taken the liberty of drafting a "Stipulation" (enclosed) that would do that. If you're not familiar with the legal terms involved, and in case you don't want to consult another lawyer (which is entirely your right), I'll briefly state my opinion as to what they mean.
>
> . . . This stipulation provides that your case would be dismissed "without prejudice." That means you could (in theory) bring it again at a later date. The other option would be dismissing "with prejudice," which would mean that you could not bring it again. But please be aware that even if you dismiss now "without prejudice," there may be other factors, such as statutes of limitations, that could limit or bar your ability to bring this case again.

Marley did not initially respond. *Id.* But after receiving another letter in which the AUSA reminded him of upcoming deadlines and the opportunity to dismiss the case by signing the stipulation, Marley signed the stipulation and returned it to the AUSA in a self-addressed, stamped envelope provided by the AUSA. *Id.* The suit was dismissed without prejudice. *Id.* Sixteen days later, Marley, again represented by his original attorneys, filed a second complaint. *Id.* The United States moved to dismiss, contending that the complaint was untimely under 28 U.S.C. § 2401(b). *Id.*

Marley contended that the statute of limitations had been equitably tolled. *Id.* The Court "ruled that [Marley] could not establish equitable estoppel because he was not ignorant of the six-month time limit and because he could not demonstrate affirmative misconduct by the government." *Id.* In addition, the Court held that the statute of limitations was not equitably tolled since Marley was not excusably ignorant of the limitations period. *Id.*

On appeal, Marley argued that the AUSA's initial letter had misled him to believe that if the case was dismissed without prejudice, he could refile later. *Id.* at 1034. Relying on *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008), the circuit court concluded that, because 28 U.S.C. § 2501 is jurisdictional, the limitations period was not one that could be equitably tolled. *Marley*, 567 F.3d at 1035. The explanation lies in "the federal government's historical immunity from tort liability." *Id.* at 1034. Conditions of the government's waiver of sovereign immunity must be strictly observed. *Id.* Because the FTCA is a limited waiver of governmental immunity, and the statute of limitations is a condition of that waiver, meeting the statutory deadline is a condition predicate to a lawsuit under the FTCA. *Id.*

The Supreme Court explained that statutes of limitation are of two types: those intended "to protect defendants against stale or unduly delayed claims," and those intended "to achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency." Id. at 1035, *quoting John R. Sand & Gravel*, 552 U.S. at 133. When the statute is intended to deter stale claims, courts may toll the limitations period for equitable reasons. *Id.* In contrast, a limitations period intended to achieve a system-related goal is more absolute, and courts are generally forbidden to extend the time period for equitable reasons. *Id.* These statutes of limitations are deemed "jurisdictional." *Id.* In *John R. Sand & Gravel*, the Court held that 28 U.S.C. § 2501, which sets forth the statute of limitations for filing claims in Federal Claims Court, is jurisdictional and not subject to adjustment on equitable grounds because of its intent to facilitate the orderly administration of claims against the federal government. *Id.*

Section 2401(b) is also jurisdictional. *Marley*, 567 F.3d at 1035, *citing Berti v. V.A. Hospital*, 860 F.2d 338, 340 (9th Cir. 1988); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th

Cir. 1983); *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977)(per curiam); *Mann v. United States*, 399 F.2d 672, 673 (9th Cir. 1968).  When "a filing period is jurisdictional, equitable doctrines are inapplicable because their use would create jurisdiction in the federal courts where Congress has not done so."  *Marley*, 567 F.3d at 1036, citing *William G. Tadlock Constr. v. U.S. Dep't of Defense*, 91 F.3d 1335, 1340 (9th Cir. 1996).  Legislative history and context also support the conclusion that 28 U.S.C. § 2401(b) is jurisdictional.  *Marley*, 567 F.3d at 1037.  As a result, applying equitable estoppel or equitable tolling to permit a plaintiff to bring an FTCA suit after the 6-month limitations period has lapsed improperly "impinges on Congress's role as regulator of the jurisdiction of the federal courts."  *Id.*  Accordingly, a court cannot equitably extend the limitations period but must dismiss for lack of jurisdiction an FTCA suit that is untimely under 28 U.S.C. § 2401(b).  *Id.* at 1038.

    *Marley* is squarely on point with this case.  Plaintiff filed his complaint after the statutory limitations period had run but seeks an extension of time for equitable considerations.  Because 28 U.S.C. § 2401(b) is jurisdictional, this Court cannot consider any equitable arguments for extending the statutory period and must grant Defendant's motion to dismiss *Waltz II*.

    Since this Court lacks jurisdiction to hear this case (28 U.S.C. § 2401(b)), it may not address the other issues raised in the course of the pending motion.

**III.**    <u>**Conclusion**</u>

    For the foregoing reasons, this Court hereby **ORDERS** this case dismissed.

IT IS SO ORDERED.

**Dated:   March 4, 2010**　　　　　　　　　　/s/ Sandra M. Snyder
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE