UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESSIE IRENE WALTZ, | CASE NO. 1:07-cv-01691-SMS |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR COSTS |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | (Doc. 83) |

Defendant United States of America seeks $2,084.40 for costs ($92.25 for service of summons and subpoena, $1730.65 for transcript fees, and $261.50 for copying). Plaintiff objects, contending (1) she has limited resources; (2) her case was dismissed on a technicality attributable to the negligence of her former attorney; (3) because of the error of an attorney who previously represented Plaintiff, the government avoided a substantial claim for damages attributable to Plaintiff's catastrophic injuries; and (4) the issues of the litigation were close and difficult. After a review of the parties' written arguments, the record as a whole, and applicable law, this Court denies Defendant's motion for costs.

///

1

**I.       Procedural and Factual Background**

Plaintiff received multiple serious injuries on May 20, 2006, when the motorcycle she was driving collided with a 1993 Ford ten-wheel dump truck loaded with dirt that had crossed the center line of Road 274 near the town of Bass Lake, California. (*Waltz v. United States of America*, 1:06-cv-01831-SMS (E.D.Cal.)("*Waltz I*"), Doc.11).  The dump truck was owned by the United States Forest Service and operated by its employee. *Id.*

On June 21, 2006, in compliance with the Federal Tort Claims Act, 28 U.S.C. 2671-2680 ("FTCA"), Plaintiff filed a claim for property damage and personal injury with the U.S. Department of Agriculture Forest Service.  The government did not respond.  Accordingly, Plaintiff filed suit against the United States; the U.S. Department of Forestry [sic]; Richard Ernest Bailey, the truck's driver; and twenty-five John Doe Defendants on December 18, 2006 (*Waltz I* , Doc.1).  *Waltz I* was filed prematurely.[1]

On February 13, 2007, the Department of Agriculture denied Plaintiff's administrative claim (*Waltz v. United States*, 1:07-cv-01691-SMS ("*Waltz II*"), Doc. 20-3).

On February 26, 2007, Defendant answered the complaint, asserting as an affirmative defense that "Plaintiff has failed to exhaust her administrative remedies" (*Waltz I*, Doc. 15).  On October 25, 2007, Defendant moved to dismiss the complaint, contending that the Court lacked subject matter jurisdiction under the FTCA because Plaintiff filed her complaint less than six months after filing her administrative claim, as required by 28 U.S.C. § 2675(a) (*Waltz I*, Doc. 17).

---

[1] Attorney James Joseph Banks, and Banks & Watson, who represented Plaintiff for purposes of this motion, did not represent Plaintiff when the complaints in *Waltz I* and *Waltz II* were filed or when *Waltz I* was dismissed.

2

Plaintiff moved to amend her complaint and opposed the motion to dismiss, contending that since Defendant had previously indicated that it would not assert any defense of issue regarding the timing of the complaint's filing, Defendant should be equitably estopped from asserting the time limitation (*Waltz I*, Docs. 23, 24 & 31). According to Plaintiff, a former Assistant U.S. Attorney had represented to Plaintiff's attorney that, although the complaint had been filed a few days early, the government would not raise any issues relating to the technically premature filing (*Waltz I*, Docs. 24 & 31). The Assistant U.S. Attorney denied having made the alleged representations (*Waltz I*, Doc. 42).

Plaintiff filed a second complaint on November 20, 2007 (*Waltz II*, Doc. 1).

After this Court heard argument on the opposing motions in *Waltz I* on January 11, 2008, it concluded that it lacked subject matter jurisdiction and dismissed Plaintiff's first complaint (*Waltz I*, Doc. 56).

On February 19, 2008, Defendant moved to dismiss the complaint in *Waltz II,* again contending that the complaint was untimely, in this case because Plaintiff had filed the complaint more than six months after the final denial of her administrative claim on February 13, 2007 (*Waltz II*, Doc. 20). Defendant also contended that Plaintiff was collaterally estopped from filing a second lawsuit and that Plaintiff could not establish the elements required to equitably toll the statute of limitations to permit the late filing of her complaint (*Waltz II*, Doc. 20). On March 13, 2008, Plaintiff moved to compel depositions and production of documents (*Waltz II*, Doc. 24).

On April 4, 2008, this Court heard argument on Plaintiff's motion to compel and stayed Defendant's motion to dismiss (*Waltz II*, Doc. 36). The Court granted Plaintiff's motion to compel on May 16, 2008, and directed the parties to meet and confer regarding outstanding

discovery and scheduling of a discovery status conference and of Defendant's motion to dismiss (*Waltz II*, Doc. 43). Thereafter, the parties engaged in a period of discovery and discovery disputes.

On December 10, 2008, the then-pending motion to compel initiated by Plaintiff on September 19, 2008 (*Waltz II*, Doc. 51) was taken off-calendar to permit a status conference to discuss legal and procedural issues in light of *Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008). By the time of the status conference on January 22, 2009, a petition for rehearing of *Marley* was pending before the Ninth Circuit (*Waltz II*, Doc. 60). The Court stayed Plaintiff's motion to compel (*Waltz II*, Doc. 51) and Defendant's motion to dismiss (*Waltz II*, Doc. 20), pending the outcome in *Marley* (*Waltz II*, Doc. 60).

Following the Ninth Circuit's June 1, 2009 amendment of its decision in *Marley v. United States*, 567 F.3d 1030 (9th Cir. 2009), the parties agreed that Defendant's motion to dismiss was ripe for a ruling (*Waltz II*, Doc. 64) and stipulated to a briefing and hearing schedule (Waltz II, Doc. 66). On October 20, 2009, the motion was again stayed, pending resolution of the pending petition for certiorari in *Marley* (*Waltz II*, Doc. 75). On December 8, 2009, Defendant filed notice that the Supreme Court had denied *Marley* certiorari (*Waltz II*, Doc. 76). *Marley v. United States*, 567 F.3d 1030 (9th Cir.), *cert. denied*, 130 S.Ct. 796 (2009). On March 4, 2010, this Court granted Defendant's motion to dismiss. Doc. 79.

**II.     Discussion**

"Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorneys' fees–should be allowed to the prevailing party." F.R.Civ.P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the

district court discretion to refuse to award costs." *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). The court's discretion is limited by a requirement that it specify reasons for a refusal to award costs. *Id.*

"The requirement that district courts *give reasons* for denying costs flows logically from the presumption in favor of costs that is embodied in the test of the rule; if a district court wishes to depart from that presumption, it must explain why 'so that the appellate court will be able to determine whether or not the trial court abused its discretion.'" *Id.* at 592-93, *quoting Subscription Television, Inc. v. Southern California Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978). *See also Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). The district court's articulation of its reasons should explain why the case is not "ordinary," and why it would be inappropriate or inequitable to impose costs. *Association of Mexican-American Educators*, 231 F.3d at 593. Accordingly, in response to a prevailing party's motion for costs, a losing party must set forth reasons why those costs should not be awarded. *Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir.), *cert. denied*, 528 U.S. 1022 (1999).

The Ninth Circuit has approved multiple reasons for a district court's refusal to award costs, including (1) a party's limited resources; (2) the prevailing party's misconduct; (3) the chilling effect of imposing high costs on civil rights litigants; (4) the presence of one or more issues of substantial public importance; (5) the closeness and difficulty of the issues; (6) the fact that the plaintiff's case had merit, despite the loss; and (7) the magnitude of the claimed costs. *Association of Mexican-American Educators*, 231 F.3d at 592-93. Put another way, on those rare occasions where awarding costs would result in severe injustice, a district court abuses its

///

discretion if it fails to conclude that the presumption has been rebutted. *Save Our Valley*, 335 F.3d at 945.

Because imposing costs on Plaintiff in this case would result in severe injustice, this Court will deny Defendant's motion for costs. In making its decision, the Court relies on Plaintiff's limited resources; the closeness and difficulty of the issues; the merit of Plaintiff's case, despite the procedural loss; and the relative magnitude of the claimed costs to Defendant, which has substantial resources and to Plaintiff, for whom the claimed costs represent a significant hardship. In particular, the Court declines to impose costs on a Plaintiff whose claims likely would have prevailed but for the procedural error of her former attorney.

For the foregoing reasons, Defendant's motion for costs is hereby DENIED.

IT IS SO ORDERED.

**Dated:   April 16, 2011**                   /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE